77842

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE: Pamela N. Tunstall | ) | Case No.: 12-53891 |
| | ) | |
| Debtor | ) | Chapter 7 |
| | ) | |
| | ) | Judge Marilyn Shea-Stonum |
| Grange Mutual Casualty Company | ) | |
| | ) | |
| | ) | A.P. No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | COMPLAINT TO DETERMINE |
| vs. | ) | DISCHARGEABILITY OF DEBT |
| | ) | |
| Pamela N. Tunstall | ) | |
| 540 East Portage Trail, Apt. 205 | ) | |
| Cuyahoga Falls, OH 44221 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Now come Plaintiff Grange Mutual Casualty Company and for its adversary complaint against Defendant Pamela N. Tunstall, states as follows:

INTRODUCTION

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Sec. 1334.

2.      This is an adversary proceeding to determine the dischargeability of debt under 11 U.S.C. Sec. 523(a)(2) and (4) and it is a **core proceeding** under 28 U.S.C. Sec. 157(b).

3.      Venue of this adversary proceeding in this Court is proper under 28 U.S.C. Sec. 1409(a).

## FIRST CAUSE OF ACTION

4. On January 16, 2011, and at all times material herein, Plaintiff Grange Mutual Casualty Company was the insurer, assignee and subrogee of Michael and Kimberly Guyer.

5. On January 16, 2011, on Pittsburgh Drive NW in Jackson Township, Ohio, Defendant Pamela N. Tunstall negligently operated a motor vehicle in such a manner to injure Plaintiff's insureds Michael and Kimberly Guyer, causing said insureds to incur severe pain and suffering.

6. The aforementioned damages were a direct and proximate result of Defendant Pamela N. Tunstall operating a motor vehicle while under the influence of drugs and/or alcohol.

7. Plaintiff Grange Mutual Casualty Company was required to and did pay to its insureds the sum of $21,994.72 for uninsured motorists bodily injury and medical payments and became subrogated to the extent of its payment. Plaintiff Grange Mutual Casualty Company anticipates future payments to be made to it's insureds for these injuries.

8. This adversary proceeding is being brought in connection with the Defendant/Debtor's case under Chapter 7 of Title 11, Case No. 12-53891, now pending in this Court. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Sections 157, 1334, and 11 U.S.C. Sec. 523.

9. On February 28, 2011, Defendant Pamela Tunstall pled no contest to the charges of driving under the influence of drugs and/or alcohol in the Massillon Municipal Court, Case No. 2011TRC00426, in connection to the above referenced motor vehicle accident.

## SECOND CAUSE OF ACTION

10. Plaintiff realleges each and every allegation contained in Paragraphs One through Nine as if fully rewritten and restated herein.

11. Pursuant to 11 U.S.C. Sec. 523(a)(9), the Defendant is not discharged from any debt to an entity to the extent that liability was incurred by the Debtor causing death or personal injury to another through the Debtor's operation of a motor vehicle while under the influence of alcohol, drugs, or another substance.

WHEREFORE, the Plaintiff prays that the Court determine that the debt owed by Defendant Pamela N. Tunstall to Plaintiff Grange Mutual Casualty Company in the amount of $21,994.72, plus any future payments made to Plaintiff's insureds, is not dischargeable since said Defendant caused the personal injury to Plaintiff's insureds through the Defendant's operation of a motor vehicle while intoxicated from the use of either drugs or alcohol and, further asks this Court to determine the remaining issues and that Plaintiff has such other and further relief as is just.

March 25, 2013

/s/ Andrew C. Stebbins
Andrew C. Stebbins (0086387)
Attorney for Plaintiff
KEIS │ GEORGE llp
55 Public Square, Suite 800
Cleveland, Ohio 44113
Phone: (216) 241.4100
E-mail: astebbins@keisgeorge.com